IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN CHRISTOPHER MORRIS,

    *Petitioner*,

    v.

UNITED STATES OF AMERICA,

    *Respondent*.

Criminal Action No. ELH-09-0494
Related Civil No.:  ELH-16-1725

**MEMORANDUM**

This Memorandum resolves the Motion to Vacate Judgment filed by Petitioner John Christopher Morris, through counsel, under 28 U.S.C. § 2255 (ECF 44), which he later supplemented. ECF 46 (collectively, the "Petition"). The government opposes the Petition. ECF 62. No reply has been filed.

The case was originally assigned to Judge Marvin Garbis. It has been reassigned to me due to the retirement of Judge Garbis. *See* Docket. For the reasons that follow, I shall dismiss the Petition.

**I.       Procedural Background**

On September 15, 2009, Morris was charged in a  three-count criminal indictment with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One); Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Two); and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three). ECF 1.

Petitioner entered a plea of guilty on September 10, 2010, to Counts Two and Three of the Indictment. ECF 18 (Rearraignment); ECF 20 (Plea Agreement). Sentencing was held on November 22, 2010. ECF 29. Judge Garbis sentenced Morris to eleven months' imprisonment as to Count Two, and to the mandatory minimum of 84 months' imprisonment, consecutive, as to

Count Three, resulting in a total sentence of 95 months of incarceration. ECF 34 (Judgment). Count One was dismissed on the government's motion. *Id.* Petitioner did not appeal his conviction or sentence.

On May 30, 2016, Petitioner filed a motion to vacate judgment under 28 U.S.C. § 2255 pursuant to the Supreme Court's ruling in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). ECF 44. In *Johnson*, the Supreme Court determined that the definition for violent felony in the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Id.* at 2558.

Petitioner was released from incarceration on December 20, 2016, and began service of his three-year term of supervised release. *See* https://www.bop.gov/inmateloc/. On June 21, 2018, Judge Garbis granted a request for early termination of Petitioner's supervised release. ECF 45.

Petitioner filed a supplement to his Motion to Vacate Judgment on April 10, 2019, citing *Sessions v. Dimaya*, ___ U.S. ___, 138 S. ct. 1204 (2018). In *Dimaya*, the Supreme Court applied *Johnson* to the residual clause of the crime of violence definition in 18 U.S.C. § 16(b). *Id.* at 1210. Petitioner also asked the Court to hold his case in abeyance pending the outcome of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). ECF 46. On June 24, 2019, the Supreme Court issued its decision in *Davis*, ruling that the "residual clause" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *Davis*, 139 S. ct. at 2334.

Subsequently, however, the Fourth Circuit held that Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), still qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c). *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), and *Stokes v. United States*, ___ U.S. ___, 140 S. Ct. 640

(2019).  As a result, the Federal Public Defender moved to withdraw as counsel for Petitioner.

ECF 56.  On November 27, 2017, the Court granted that motion.  ECF 57.  Therefore, Petitioner

is now proceeding *pro se*.

## II.     Discussion

### A.

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal

custody only on specific grounds: that the sentence was imposed in violation of the Constitution

or laws of the United States; that the court was without jurisdiction to impose such a sentence; that

the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise

subject to collateral attack.

The scope of review of non-constitutional error is more limited than that of constitutional

error.  A non-constitutional error provides a basis for collateral attack only when it involves ““a

fundamental  defect  which  inherently  results  in  a  complete  miscarriage  of  justice”” or  is

“inconsistent with the rudimentary demands of fair procedure.”  *United States v. Mikalajunas*, 186

F.3d 490, 496 (4th Cir. 1999); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Under 28 U.S.C. § 2255(b), the Court must hold a hearing “[u]nless the motion and the

files and records conclusively show that the prisoner is entitled to no relief . . . .”  *See*, *e.g.*, *United

States v. White*, 366 F.3d 291, 302 (4th Cir. 2004).  This is such a case.  No hearing is necessary

to resolve the Petition.

### B.

Petitioner was released from incarceration on December 20, 2016.  A § 2255 motion does

not become moot simply because a defendant has been released from the Bureau of Prisons.  *See*

*United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) (“A prisoner on supervised release is

considered to be 'in custody' for purposes of a § 2255 motion") (quoting *Maleng v. Cook*, 490

U.S. 488, 491 (1989)).  However, his supervised release was terminated on June 21, 2018.  ECF

45.  And, a § 2255 motion becomes moot after supervision has been terminated.

Accordingly, Petitioner's § 2255 motion and supplement are subject to dismissal as moot.

## C.

Even if the Petition were not moot, it lacks merit.  Section 924(c) of 18 U.S.C. prohibits

using or carrying a firearm "during and in relation to" or "in furtherance of" any federal "crime of

violence or drug trafficking crime."  18 U.S.C. § 924(c)(1)(A).  A crime of violence is defined as

"an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use

of physical force against the person or property of another, or (B) that by its nature, involves a

substantial risk that physical force against the person or property of another may be used in the

course of committing the offense."  § 924(c)(3).  Subsection (A) of § 924(c)(3) is commonly

referred to as the "force clause" or "elements clause," while subsection (B) is referred to as the

"residual clause."

In *United States v. Davis*, 139 S. Ct. 2319, the Supreme Court ruled that the residual clause

in § 924(c)(3)(B) was unconstitutionally vague.  *See id.* at 2336.  Nevertheless, the government

contends that Petitioner's conviction under § 924(c) "remains valid."  ECF 62 at 4.  I agree.

Petitioner's § 924(c) conviction (Count Three) was predicated on his Hobbs Act robbery

offense in Count Two.  The Hobbs Act provides, 18 U.S.C. § 1951(a):

> Whoever in any way or degree obstructs, delays, or affects commerce . . . by
> robbery or extortion or attempts or conspires so to do, or commits or threatens
> physical violence to any person or property in furtherance of a plan or purpose to
> do anything in violation of this section shall be fined under this title or imprisoned
> not more than twenty years, or both.

"Robbery" is defined as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

In *Mathis*, 932 F.3d at 266, the Fourth Circuit has determined that Hobbs Act robbery categorically qualifies as a crime of violence under the force clause of § 924(c)(3)(A). The *Mathis* Court relied on its prior decision in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), and concluded that Hobbs Act Robbery requires the use, attempted use, or threat of physical force, even if the offense only involves "fear of injury," because that term is synonymous with "intimidation," which necessarily "involves the threat to use [physical] force." *Mathis*, 932 F.3d at 266.

Petitioner's conviction for Hobbs Act Robbery, as alleged in Count Two of the Indictment, qualifies as a crime of violence under the force clause. Accordingly, his § 924(c) conviction (Count Three), predicated on Count Two, remains valid.

### III.    Conclusion

For the reasons set forth herein, the Petition is dismissed. A Certificate of Appealability shall not issue.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless

a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[1]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

An Order follows.

Date:   August 4, 2020                                   /s/                       
                                                 Ellen L. Hollander
                                                 United States District Judge

---

[1] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the Fourth Circuit.